**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |  |
|---|---|---|
| THE ATLANTA CHANNEL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-160 |
| | ) | |
| HENRY A. SOLOMON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant National
Casualty Company's Motion to Dismiss for Improper Venue, or in the
alternative, to transfer to the United States District Court for
the District of Columbia.

On February 13, 2020, Plaintiff Atlanta Channel, Inc., a
Florida corporation with its principal place of business in
Georgia, filed this lawsuit alleging that Defendant National
Casualty Company's Malpractice Insurance Policy, No. LPO-0011833
(the "Policy"), provides insurance coverage for certain acts of
malpractice committed by its former attorney, Defendant Henry
Solomon. Plaintiff specifically alleges that the Policy provides
coverage for the case it filed on October 26, 2015 against
Defendant Solomon and others in the United States District Court
for the District of Columbia, No. 15-cv-1823. In that case,

Plaintiff alleges that in 1999, Defendant Solomon filed a defective statement with the Federal Communications Commission ("FCC") on its behalf, resulting in Plaintiff forfeiting the opportunity to acquire a "Class A License for its television station broadcasting Channel 43 in Atlanta, Georgia." That lawsuit, the "Malpractice Lawsuit," is currently pending.

On March 10, 2020, shortly after Plaintiff filed this lawsuit and one day before Defendant National filed the instant motion, Defendant National filed a lawsuit against Plaintiff in the United States District Court for the District of Columbia, No. 20-cv-699, where it seeks a declaration that the Policy does not provide coverage for Defendant Solomon and the Malpractice Lawsuit.

At the time of the alleged malpractice, Defendant Solomon was a partner in the Arlington, Virginia-based law firm Haley, Bader & Potts, P.L.C, which is also the "Named Insured" on the Policy. In December of 2015, shortly after the Malpractice Lawsuit was filed in the District of Columbia, Defendant National sent Defendant Solomon a reservation of rights letter indicating that it would provide a defense for the Malpractice Action but that it would not indemnify him for any resulting judgment or settlement because he failed to comply with the terms of the Policy's notice requirements. Defendant National issued two supplemental coverage letters to Defendant Solomon reiterating the same coverage position in 2016 and 2019.

2

Plaintiff alleges that it did not receive a copy of Defendant National's 2015, 2016, or 2019 coverage letters until sometime in 2019. Plaintiff also alleges that under Virginia Code § 38.2-2226, an insurer must notify a claimant of the insured's breach of the notice provision within 45 days of discovery of the breach, and more specifically, that a "[f]ailure to give the notice within forty-five days will result in a waiver of the defense based on such breach to the extent of the claim by operation of law." Id. Thus, the central issue of the coverage lawsuits is whether Defendant National may disclaim indemnity coverage for Defendant Solomon based on the Policy's notice requirements. Plaintiff contends that because Defendant National did not provide it with a copy of the reservation of rights letters within 45 days after learning of the breach of the notice condition, Defendant National has waived its right to disclaim coverage based on the failure of Defendant Solomon to comply with the Policy's notice provisions.

Defendant National, a corporate citizen of the state of Wisconsin and Arizona, now moves the Court to dismiss this case for improper venue or for transfer to the United States District Court for the District of Columbia, primarily arguing that the parties and the underlying malpractice dispute have no connection to this district, other than the fact that the Policy was issued to an Arlington, Virginia-based law firm. Defendant National further argues that the District of Columbia is the proper forum,

3

in part because Defendant Solomon is a citizen of the District of Columbia and because Plaintiff has already availed itself to that district by filing the Malpractice Lawsuit there. For the following reasons, the Court finds that transfer to the United States District Court for the District of Columbia is appropriate.

28 U.S.C. § 1391(b)(2) provides, in relevant part, that venue is appropriate in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated. To survive a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the plaintiff need only make a "prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). On a 12(b)(3) motion, a court is permitted to consider evidence outside the pleadings. Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 365-66 (4th Cir. 2012). In the alternative, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A decision whether to transfer an action to another district is committed to the district court's sound discretion. Koh v. Microtek, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003) (citing Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956)). Courts considering

4

transfer under § 1404(a) generally apply substantial weight to the Plaintiff's chosen forum, although that selection is balanced against the witness and party convenience, as well as the interests of justice. Koh, 250 F. Supp. 2d at 633.

Defendant National argues that the mere fact that the Policy was issued and delivered to a Virginia insured (the Haley, Bader & Potts law firm) is insufficient to establish venue, and that the parties and the underlying circumstances of the dispute otherwise have no connection to the district. Defendant National further contends that venue is appropriate in the District of Columbia, where the Malpractice Lawsuit and a second coverage action are currently pending.

Plaintiff responds that substantial claims, acts, and omissions occurred in Virginia such that venue is appropriate here. In addition to the delivery of the Policy, Plaintiff argues that Defendant Solomon committed the legal malpractice at issue while working in Virginia at his firm. Plaintiff further contends that Defendant Solomon is being defended in the Malpractice Lawsuit by a Virginia law firm that has regularly corresponded with Plaintiff regarding a potential settlement. Plaintiff also argues that transfer is inappropriate because Defendant National has "presented no facts or authority to support its assertion that D.D.C. has jurisdiction to adjudicate Plaintiff's claims in this case." Plaintiff further argues that the Va. Code § 38.2-2226 is

not a "procedural law," meaning that because the Policy was delivered in Virginia, the statute is incorporated into the Policy and would apply even if the case were adjudicated in a different forum.

While the Plaintiff's initial choice of forum is ordinarily entitled to "substantial weight" in a court's analysis, "a plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum." Koh, 250 F. Supp. 2d at 633; see also Liberty Mut. Fire Ins. Co. v. KB Home, 4:13-cv-98, 2013 U.S. Dist. LEXIS 168984, at *16-17 (E.D. Va. Nov. 25, 2013) (finding venue not proper where the sole justification was that it was the district where the insurance policy was delivered). Plaintiff is a Florida corporation with its principal place of business in Georgia, so its forum selection cannot be afforded substantial weight. The record otherwise reflects that the connection to this district is tenuous, whereas the connection to the District of Columbia is considerably strong. Plaintiff has already availed itself to the District of Columbia by filing the Malpractice Lawsuit there, where the central dispute concerns whether Defendant Solomon committed malpractice by filing a defective FCC statement. The coverage issues appear to be very closely related to that issue, and although that connection by itself may not justify the transfer, the Court finds that the

balance of the factors it must consider under § 1404(a) weigh heavily toward transfer. The District of Columbia is more convenient for the parties and witnesses because Defendant Solomon is a D.C. resident and the parties are already litigating two related lawsuits there. And if Plaintiff is correct that Va. Code § 38.2-2226 was incorporated by law into the Policy, it would not be prejudiced by transfer because it could still argue that the statute applies regardless of where the coverage dispute is litigated, including the District of Columbia. Finally, the interests of justice also weigh toward transfer. The United States District Court for the District of Columbia is undoubtedly familiar with the arguments of the parties and the applicable law to their dispute.

For the foregoing reasons, the Court finds that transfer of the United States District Court for the District of Columbia is appropriate. An appropriate order shall issue.


CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 29, 2020